TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3148
    Facsimile: (213) 894-7819
    E-mail: Margaret.Chen@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARIUS WARD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 25,<br><br>    Defendants. | No. CV 20-01632-DSF-JEM<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge John E. McDermott]<br><br>Honorable John E. McDermott |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to limit the disclosure and use of specified documents and information in this litigation.

**A.    Purpose of Joint Stipulation for Protective Order**

1. Plaintiff Darius Ward alleges a negligence claim against Defendant United States pursuant for the Federal Tort Claims Act, arising from a March 17, 2018 motor vehicle collision in Los Alamitos, California.

2. In connection with discovery proceedings in this action, the Parties may designate Plaintiff's subpoenaed medical records (the "Protected Material") "Confidential" under the terms of this Joint Stipulation for Protective Order.

3. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

4. Neither the Joint Stipulation nor the Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

**B.    Disclosure and Use of Protected Material**

5. The Protected Material designated as subject to the Protective Order is to be used for the purpose of this litigation.

6. Protected Material may be disclosed to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a. a Party, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   c. court reporter(s) employed in this action;

        d.    a witness at any deposition or other proceeding in this action; and

        e.    any other person to whom the Parties in writing agree.

7.    The Parties have the right to use Protected Material in all preparations for trial.

8.    The Parties agree that Protected Material will not be filed with the Court unless redacted or filed under seal.

**C.    <u>Unauthorized Disclosure of Protected Material</u>**

9.    If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Protective Order, the Party will (a) notify in writing the other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**D.    <u>Miscellaneous</u>**

10.    Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

11.    By stipulating to the entry of this Protective Order, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

//
//
//
//
//
//
//
//

12. The parties agree to the foregoing provisions in both form and substance, and consent to entry of the concurrently filed [Proposed] Protective Order.

Dated: February 1, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/ Margaret M. Chen
MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Defendant

Dated: February 1, 2021

SAVIN BURSK LAW

  /s/ Maureen K. Hennessey*
ADAM J. SAVIN
BRIAN J. KIM
MAUREEN K. HENNESSEY

Attorneys for Plaintiff

* Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, THE COURT HEREBY APPROVES THE STIPULATION FOR PROTECTIVE ORDER.

IT IS SO ORDERED.

Dated: 2/2/21

*John E. McDermott*

HONORABLE JOHN E. MCDERMOTT
United States Magistrate Judge

3

# **EXHIBIT A**

## **Acknowledgment and Agreement to Be Bound**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Darius Ward v. United States of America*, United States District Court for the Central District of California, Civil Action No. CV 20-01632-DSF-JEM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

Dated: _____

_____
[NAME]